**FILED**
**IN CLERK'S OFFICE**
**U.S. DISTRICT COURT E.D.N.Y.**
**\* JULY 10, 2024 \***
**BROOKLYN OFFICE**

EMR:RAS/LB
F. #2023R00527

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CHRISTOPHER TERRANOVA,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**S U P E R S E D I N G**
**I N D I C T M E N T**

Cr. No. 23-CR-516 (S-1) (KAM)
(T. 18, U.S.C., §§ 2251(a), 2251(e),
2253(a), 2253(b), 2422(b), 2428(a) and
3551 et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Sexual Exploitation of a Child – John Doe 1)

       1.     In or about and between December 2019 and September 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER TERRANOVA did employ, use, persuade, induce, entice and coerce a minor, to wit: John Doe 1, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, and knowingly and intentionally attempt to do so, for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using one or more means and facilities of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted

2

using one or more means and facilities of interstate and foreign commerce and in and affecting

interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

COUNTS TWO THROUGH FOUR
(Attempted Sexual Exploitation of Children)

2.      In or about and between the dates set forth below, all dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

CHRISTOPHER TERRANOVA did knowingly and intentionally attempt to employ, use,

persuade, induce, entice and coerce one or more minors whose identities are known to the Grand

Jury, to wit:

| COUNT | MINOR | APPROXIMATE DATE(S) |
|---|---|---|
| TWO | John Doe 2 | February 2022 to October 2022 |
| THREE | John Doe 3 | September 2022 to April 2023 |
| FOUR | John Doe 4 | March 2023 to May 2023 |

to engage in sexually explicit conduct for the purpose of producing one or more visual depictions

of such conduct, knowing and having reason to know that such visual depictions would be

transported and transmitted using one or more means and facilities of interstate and foreign

commerce and which would be in and affecting interstate and foreign commerce, which visual

depictions were produced and transmitted using materials that had been mailed, shipped and

transported in and affecting interstate and foreign commerce by any means, including by

computer, and which visual depictions were actually transported and transmitted using one or

more means and facilities of interstate and foreign commerce and in and affecting interstate and

foreign commerce.   With respect to John Doe 4, the defendant further abused a position of

public or private trust, to wit: his position as a police officer, in a manner that significantly

facilitated the commission or concealment of the offense set forth in Count Four.

(Title 18, United States Code, Sections 2251(e) and 3551 et seq.)

## COUNT FIVE
### (Coercion and Enticement of a Minor)

3.      In or about and between December 2019 and September 2021, within the

Eastern District of New York and elsewhere, the defendant CHRISTOPHER TERRANOVA,

using one or more facilities and means of interstate and foreign commerce, to wit: a mobile

telephone, the Internet and mobile Internet applications, did knowingly and intentionally

persuade, induce, entice and coerce an individual who had not yet attained the age of 18, to wit:

John Doe 1, to engage in sexual activity for which a person can be charged with one or more

criminal offenses, to wit: indecency with a child, in violation of Texas Penal Law Section

21.11(a)(1).

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT SIX
### (Coercion and Enticement of a Minor)

4.      On or about May 21, 2022, within the Eastern District of New York and

elsewhere, the defendant CHRISTOPHER TERRANOVA, using one or more facilities and

means of interstate and foreign commerce, to wit: a mobile telephone, the Internet and mobile

Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an

individual who had not yet attained the age of 18, to wit: John Doe 2, to engage in sexual activity

for which a person can be charged with one or more criminal offenses, to wit: criminal sexual act

in the first degree, in violation of New York Penal Law Section 130.40(2).

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH FOUR

5.     The United States hereby gives notice to the defendant, that, upon his conviction of any of the offenses charged in Counts One through Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: (a) any visual depiction described in Sections 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to one Apple iPhone with serial number F7TC96LT6D seized from the defendant in Staten Island, New York on or about May 23, 2023.

6.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;
>
> (d)     has been substantially diminished in value; or
>
> (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United

States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE AND SIX

7.      The United States hereby gives notice to the defendant that, upon his

conviction of either of the offenses charged in Counts Five and Six, the government will seek

forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the

forfeiture of (a) any property, real or personal, that was used or intended to be used to commit or

to facilitate the commission of such offenses; and (b) any property, real or personal, constituting

or derived from, proceeds obtained directly or indirectly as a result of such offenses, including

but not limited to one Apple iPhone with serial number F7TC96LT6D seized from the defendant

in Staten Island, New York on or about May 23, 2023.

8.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code,

Section 853(p))

A TRUE BILL

_____/s/_____
FOREPERSON

By Alijandra Smith, Assistant U.S. Attorney
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK