United States District Court
Eastern District of New York

----------------------------------X

United States of America,

   - against -                **Memorandum and Order**

Christopher Terranova,          No. 23-cr-516 (KAM)

              Defendant.

----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    A six-count Superseding Indictment charges Christopher Terranova with the actual and attempted sexual exploitation of minors and with the coercion and enticement of minors. Terranova moves to dismiss the attempted sexual exploitation offenses charged in Counts Two, Three, and Four, arguing that the charging statute unconstitutionally exceeds Congress's authority to regulate interstate commerce.  For the reasons below, the Court respectfully denies the motion.

<b>Background</b>

    A grand jury in the Eastern District of New York indicted Terranova for the attempted sexual exploitation of three minors, John Does 1, 2, and 3, and for the coercion and enticement of John Doe 1.  (ECF No. 1, Indictment.)  Terranova moved to dismiss the attempted sexual exploitation charges, Counts One through Three, on the ground that the charging statute is

unconstitutional on its face and as applied to him because it exceeds Congress's authority to regulate interstate commerce. (ECF No. 24 pp. 1–2, Notice Mot. Dismiss.)

While that motion was pending, a grand jury returned the operative Superseding Indictment, which includes additional charges relating to a fourth minor, now designated John Doe 1. (ECF No. 29, Superseding Indictment.)  Counts One through Three of the original Indictment have been renumbered Counts Two through Four, and the minors named John Does 1, 2, and 3 in the original Indictment have been redesignated John Does 2, 3, and 4.  (ECF No. 28, July 10, 2024, Ltr. from R. Shanies.)  The parties have agreed that the Court may construe Terranova's motion to dismiss Counts One through Three of the original Indictment as a motion to dismiss Counts Two through Four of the Superseding Indictment and that no additional briefing is required.  (ECF No. 37, Aug. 13, 2024, Ltr. from R. Shanies.)

The attempted sexual exploitation charges in Counts Two through Four of the Superseding Indictment arise under Section 2251(e) of the federal exploitation statute, which criminalizes attempts to violate Section 2251(a).  *See* 18 U.S.C. § 2251(e).  Section 2251(a) imposes criminal liability on "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of

2

such conduct" where at least one of three jurisdictional prongs relating to interstate commerce is met.  18 U.S.C. § 2251(a).

The first jurisdictional prong relating to interstate commerce is met if the defendant "knows or has reason to know" the depiction "will be transported or transmitted using any means or facility of interstate . . . commerce or in or affecting interstate . . . commerce or mailed." *Id.*  The second prong is met if the visual depiction "was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate . . . commerce by any means, including by computer." *Id.*  The third prong is met if the visual depiction "has actually been transported or transmitted using any means or facility of interstate . . . commerce or in or affecting interstate . . . commerce or mailed." *Id.*

Though a conviction may be sustained if any one of these three jurisdictional prongs is satisfied, the Superseding Indictment alleges that Terranova's conduct satisfied all three jurisdictional prongs of Section 2251(a).  (*See* Superseding Indictment ¶ 2.)

## Legal Standard

A party may raise by pre-trial motion any "defense, objection, or request that the court can determine without a trial on the merits," Fed. R. Crim. P. 12(b)(1), including a

3

motion alleging a "defect in the indictment."  Fed. R. Crim. P. 12(b)(3)(B).  A pre-trial motion to dismiss the indictment is a proper vehicle to raise a constitutional challenge to the charging statute.  *United States v. Rampersant*, No. 21-cr-196 (KAM), 2023 WL 8430564, at *2 (E.D.N.Y. Dec. 5, 2023).

## Discussion

Terranova argues that the charging statute, Section 2251(e), is invalid, facially and as applied to him, because it exceeds Congress's authority under the Commerce Clause of the federal Constitution.  (ECF No. 24 pp. 5-15, Def.'s Mem. Supp. Mot. Dismiss ("Mem.").)  In resolving Terranova's as-applied challenge, the Court assumes the truth of the allegations in the Superseding Indictment.  *See United States v. Benjamin*, 95 F.4th 60, 64 (2d Cir. 2024) (noting that on a pre-trial motion to dismiss an indictment, the court "accept[s] 'as true all of the allegations of the indictment' and disregard[s] '[c]ontrary assertions of fact by the defendant[]'") (quoting *United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985)).  Here, Counts Two through Four track the statutory language of Sections 2251(a) and (e) verbatim and allege that all three jurisdictional prongs were satisfied. (*See* Superseding Indictment ¶ 2.)

The Commerce Clause authorizes Congress "[t]o regulate [c]ommerce . . . among the several [s]tates."  U.S. const.

4

art. I., § 8, cl. 3.  This authorization permits Congress to regulate the channels and instrumentalities of interstate commerce as well as activities that substantially affect interstate commerce.  *Taylor v. United States*, 579 U.S. 301, 306 (2016).  With respect to activities that substantially affect interstate commerce, Congress may regulate purely intrastate activity so long as the activity is "economic in nature" and it substantially affects interstate commerce in the aggregate, even if individual instances of the activity only minimally affect interstate commerce.  *Id.* (quoting *United States v. Morrison*, 529 U.S. 598, 613 (2000)).

Judicial review of Congress's regulation of an activity substantially affecting interstate commerce is limited to determining whether the regulation rationally relates to a legitimate governmental interest.  *Gonzales v. Raich*, 545 U.S. 1, 22 (2005); *Zhang v. Chinese Anti-Cult World Alliance*, 314 F. Supp. 3d 420, 440 (E.D.N.Y. 2018), *aff'd*, 16 F.4th 47 (2d Cir. 2021).

In assessing the constitutionality of Section 2251(e), the Court does not write on a blank slate.  The Second Circuit upheld Section 2251(a)'s "materials-in-commerce jurisdictional prong" (the second jurisdictional prong) against a Commerce Clause challenge in *United States v. Holston*, 343 F.3d 83 (2d Cir. 2003), finding that the statute is a valid regulation

5

of an activity substantially affecting interstate commerce.  The Second Circuit first found the activity of producing child pornography "economic in nature," citing Congress's findings that there is "an extensive commercial market in child pornography and that much of the material that feeds this market is 'homegrown.'"  *Id.* at 88.  The court then found that this "'homegrown'" material substantially affects interstate commerce in the aggregate because it "supports demand in the national market and is essential to [the market's] existence."  *Id.* at 90.  Finally, the court concluded that Congress could rationally decide to combat the interstate transaction of child pornography by enacting Section 2251(a) and thereby criminalizing "local production that feeds the national market and stimulates demand."  *Id.*

Though *Holston* only concerned Section 2251(a), its reasoning also sustains Section 2251(e).  As the Second Circuit already determined, the act of producing child pornography is economic in nature and intrastate production substantially affects the extensive interstate market for that material.  *See Holston*, 343 F.3d at 88.  As the Second Circuit also has determined, the Government "has a compelling interest in protecting minors from becoming the victims of child pornography."  *See United States v. Hotaling*, 634 F.3d 725, 728 (2d Cir. 2011).

6

It is no less rational for Congress to combat the interstate market for child pornography by proscribing attempted production than it is to accomplish that objective by proscribing successful production.  Congress may "criminalize the inchoate offense[] of attempt" where the attempt "purport[s] to pose a threat to interstate commerce, regardless of whether [the attempt is] actually capable of being carried out."  *See United States v. Davila*, 461 F.3d 298, 306 (2d Cir. 2006) (rejecting Commerce Clause challenge to federal weapons of mass destruction statute where defendant argued that Congress could not "regulate conduct whose only effect on interstate commerce is purely theoretical").  Intrastate attempts to produce child pornography at the very least "threaten" to increase interstate demand for such material, so criminalizing attempted as well as completed violations of Section 2251(a) rationally relates to Congress's legitimate interest in eliminating the interstate market for child pornography.

With respect to Section 2251(a)'s first and third jurisdictional prongs, which concern the use of any "means or facility" of interstate commerce to transmit child pornography, Section 2251(e) is a valid exercise of Congress's authority to regulate "instrumentalities" of interstate commerce.  *See Taylor*, 579 U.S. at 306.  Unlike with regulations of activities substantially affecting interstate commerce, "a showing that a

7

regulated activity substantially affects interstate commerce is unnecessary when Congress regulates activity involving an instrumentality *or facility* of interstate commerce." *United States v. Francisco*, 642 F. App'x 40, 45 (2d Cir. 2016) (summary order) (quoting *United States v. McGriff*, 287 F. App'x 916, 918 (2d Cir. 2008) (summary order)) (emphasis added). Thus, Terranova's argument that his "attempts were entirely *intrastate*," (Mem. 13), is inapposite because the Commerce Clause does not require the Government to show evidence of interstate activity to convict a defendant under a statute regulating the facilities of interstate commerce.

Accordingly, Section 2251(e) is constitutional as applied to Terranova. Because Terranova's as-applied challenge fails, his facial challenge necessarily fails as well. *See Torcivia v. Suffolk Cty.*, 17 F.4th 342, 355 n.19 (2d Cir. 2021).

### Conclusion

For the reasons stated above, the Court respectfully denies Terranova's motion to dismiss Counts Two, Three, and Four of the Superseding Indictment.

**So ordered.**

Dated:    August 19, 2024
          Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York