UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

23 cr. 516 (KAM)

CHRISTOPHER TERRANOVA

       Defendant.

# MEMORANDUM OF LAW IN SUPPORT OF MR. CHRISTOPHER TERRANOVA'S MOTION FOR SEVERANCE OF COUNTS

            Varghese & Associates, P.C.
By:   Vinoo P. Varghese
      2 Wall Street
      New York, NY 10005
      (212) 430-6469
      info@vargheselaw.com

*Counsel for Mr. Christopher Terranova*

TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1
STATEMENT OF FACTS................................................................................................1
I. THE COUNTS ARE NOT PROPERLY JOINED .............................................4
   A. Rule 8(A)'S Provision For Joinder Of Offenses Of The "Same Or Similar Character" Requires Careful Scrutiny................................................................4
   B. The Counts Do Not Involve The Same Act Or Transaction............................9
   C. There Is No Common Scheme Or Plan...............................................................11
II. WITH THE INCLUSION OF AN ADDITIONAL ALLEGED VICTIM IN THE SUPERSEDING INDICTMENT, THERE SHOULD BE SEPARATE TRIALS FOR EACH ALLEGED VICTIM............................................................12
CONCLUSION ................................................................................................................17

TABLE OF AUTHORITIES

**Cases**
United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) ........................................13
United States v. Buchanan, 930 F. Supp. 657, 665 (D. Mass. 1996) ........................8
United States v. Chambers, 964 F.2d 1250 (1st Cir. 1992).......................................7
United States v. Dominguez, 226 F.3d 1235 (11th Cir. 2000)..............................11
United States v. Edgar, 82 F.3d 499, (1st Cir. 1996) ................................................9
United States v. Fenton, 367 F.3d 14 (1st Cir. 2004)..........................................9, 12
United States v. Flores Perez, 849 F.2d 1, 1988 U.S. App. LEXIS 7497 .........14, 15
United States v. Halper, 590 F.2d 422 (2d Cir. 1978)...........................................5, 8
United States v. Israilov, 2023 U.S. Dist. LEXIS 116514, *29, 2023 WL 4407464 (S.D.N.Y. 2023) ......................................................................................................7
United States v. Jordan, 112 F.3d 14 (1st Cir. 1997) ..............................................13
United States v. Landry, 631 F.3d 597 (1st Cir. 2011) .....................................14, 15
United States v. Litwok, 678 F.3d 208 (2d Cir. 2012)............................................11
United States v. Lynn, 856 F.2d 430 (1st Cir. 1988) .........................................10, 14
United States v. Natanel, 938 F. 2d 302 (1st Cir. 1991) ...........................................4
United States v. Neumann, 2022 U.S. Dist. LEXIS 147582, *37 A.F.T.R.2d (RIA) 2022-5534, 2022 WL 3445820 (S.D.N.Y. 2022).................................................6
United States v. Perry, 37 F. Supp. 3d 546 (D. Mass. 2014) (Casper, J.) .................8
United States v. Randazzo, 80 F.3d 623 (1st Cir. 1996) ............................5, 8, 9, 12
United States v. Richardson, 515 F.3d 74 (1st Cir. 2008), cert. denied, 553 U.S. 107 (2008) ...............................................................................................................12
United States v. Sanders, 964 F.2d 295 (4th Cir. 1992)..........................................14
United States v. Taylor, 54 F.3d 967 (1st Cir. 1995) .................................................9
United States v. Varoudakis, 233 F.3d 113 (1st Cir. 2000) ....................8, 13, 14, 16
United States v. Zimmerman, 943 F.2d 1204 (10th Cir. 1991)...............................14

**Statutes**
18 USC § 2251(a)......................................................................................................1
18 USC § 2251(e)......................................................................................................1
18 USC § 2422(b)..................................................................................................1, 2
NY CLS Penal § 130.40(2) .......................................................................................4
Tex. Penal Law § 21.11(a)(1)................................................................................2, 3

**Rules**
Fed R. Crim. Pr. R 14(a) .......................................................................................1, 12
Fed R. Crim. Pr. R 8(a) ..........................................................................1, 4, 7, 9, 12
Fed R. Evid. 403......................................................................................................16
Fed R. Evid. 404(b) ..........................................................................................5, 8, 14

# PRELIMINARY STATEMENT

Defendant Christopher Terranova respectfully moves, pursuant to Fed. R. Crim. P. 8(a) and 14(a), for severance of the counts added in the Superseding Indictment ("SI") and for a separate trial on the counts relating to each of the victims.

# STATEMENT OF FACTS

The original indictment against Mr. Terranova was returned on December 13, 2023. It alleged attempted sexual exploitation of children (18 USC § 2251(e)) against three minors, listed as John Doe 1 through 3, occurring from February 2022 to May 2023 within the Eastern District of New York (Counts 1-3). It also alleges coercion and enticement of a minor (18 USC § 2422(b)) as to John Doe 1 (Count 4). He seeks severance of these counts.

On July 10, 2024, the government returned a six-count SI, adding a new victim, John Doe 1, and the following charges:

- Sexual exploitation of a child (18 USC § 2251(a)), occurring between December 2019 and September 2022, within the Eastern District of New York as to John Doe 1 (Count 1);

- Attempted sexual exploitation of children (18 USC § 2251(e)), occurring between February 2022 and October 2022 as to John Doe 2, previously John Doe 1 pre-SI; September 2022 and April 2023 as to John Doe 3, previously

John Doe 2 pre-SI; and March 2023 to May 2023 as to John Doe 4, previously John Doe 3 pre-SI, within the Eastern District of New York (Counts 2-4);

- Coercion and enticement of a minor (18 USC § 2422(b)), occurring between December 2019 and September 2021, in violation of Texas Penal Law Section 21.11(a)(1) as to John Doe 1 (Count 5); and

- Coercion and enticement of a minor (18 USC § 2422(b)) on May 21, 2022, within the Eastern District of New York as to John Doe 2, previously John Doe 1 (Count 6).

Count 1 alleges that Mr. Terranova met John Doe 1, who resides in Texas, through social media and communicated with him via text message, Snapchat, and Facetime. The SI alleges that between December 2019 and September 2022, John Doe 1 sent Mr. Terranova sexually explicit images over Snapchat and engaged in live-streamed sexual acts while on Facetime. It alleges that Mr. Terranova met John Doe 1 multiple times in person in Texas and engaged in sex acts with John Doe 1 while John Doe 1 was a minor.

Counts 2-4 charge Mr. Terranova with attempted sexual exploitation of a minor based on specific interactions between Mr. Terranova and John Does 2-4. Allegedly, Mr. Terranova's most recent conduct in the SI involved John Doe 4 whom he met while employed as a New York City Police Department ("NYPD") officer in Staten Island (Count 4). John Doe 4 and his family went to the precinct to

report a robbery. Mr. Terranova is alleged to have later accessed the complaint and contacted John Doe 4 via text message and later Snapchat. From March 2023 to May 2023, Mr. Terranova is alleged to have attempted to sexually exploit John Doe 4. Further, the SI alleges that Mr. Terranova "abused a position of public or private trust, to wit: his position as a police officer." SI, pp. 2-3.

Count 3 involves John Doe 3, who resided in Staten Island and met Mr. Terranova while he was providing police presence at a youth football field where John Doe 3 played. Mr. Terranova allegedly connected with John Doe 3 on Snapchat and, from September 2022 to April 2023, began asking inappropriate questions and asking him for photographs. According to the SI, Mr. Terranova's attempts to sexually exploit John Doe 3 and John Doe 4 were unsuccessful. In the government's opposition to Mr. Terranova's motion to dismiss Counts 2-4, the distinction is made that, like John Doe 3 and John Doe 4, from February 2022 to October 2022, Mr. Terranova connected with John Doe 2 via social media, engaged in similar conversations, and allegedly attempted to sexually exploit John Doe 2 through these internet-based applications (Count 2).

Counts 5 and 6 charge Mr. Terranova with coercion and enticement of John Doe 1 from December 2019 to September 2021 and John Doe 2 on May 21, 2022, respectively. According to the SI, Count 5 violates Texas Penal Law 21.11(a)(1), as John Doe 1 resides in Texas. As indicated in the SI, Count 6 violates New York

Penal Law Section 130.40(2), as Mr. Terranova allegedly coerced and enticed John Doe 2 to engage in sexual activity in Staten Island.

Mr. Terranova argues below that Counts 1-6 are improperly joined and should be severed and tried separately as follows: Counts 1 and 5 to be tried together as they allege conduct with John Doe 1; Counts 2 and 6 to be tried together as they allege conduct with John Doe 2; Count 3 to be tried separately; and Count 4 to be tried separately, so that each alleged victim is allotted a separate trial and Mr. Terranova is not burdened by substantial spillover prejudice.

## I. THE COUNTS ARE NOT PROPERLY JOINED

Fed. R. Crim. P. 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

In the ordinary case, the basis for joinder under Rule 8 "should be discernible from the face of the indictment." United States v. Natanel, 938 F. 2d 302, 306 (1st Cir. 1991). The remedy for misjoinder is severance under Rule 14. *Id.*

### A. Rule 8(A)'S Provision For Joinder Of Offenses Of The "Same Or Similar Character" Requires Careful Scrutiny

Rule 8(a)'s provision for joinder of offenses of the "same or similar character" is controversial. The First Circuit has questioned why Congress would have provided for joinder of offenses that have the "same or similar character,"

4

noting that the "same or similar" language was "drawn from earlier law without explanation," and that "about the best one can say is that in such cases the evidence of one crime is more likely to be independently admissible, on theories reflected in Fed. R. Evid. 404(b)[.]" United States v. Randazzo, 80 F.3d 623, 628, n.1 (1st Cir. 1996).

The Second Circuit has observed that the "customary justifications for joinder (efficiency and economy) largely disappear" when "all that can be said of two offenses is that they are of the 'same or similar character." United States v. Halper, 590 F.2d 422, 430 (2d Cir. 1978).

> [T]he only time likely saved by joinder of "same or similar character" offenses is the time spent selecting a jury ... On the whole, however, the "trials" on the joined charges are distinct. At the same time, the risk to the defendant in such circumstances is considerable.

Id.

To be sure, two judges in the Southern District have recently decided severance wasn't warranted. Yet, Mr. Terranova's case is readily distinguishable because it involves sex crimes. The two judges provide the relevant Second Circuit caselaw and demonstrate the high standard that Mr. Terranova must meet.

> In reviewing the propriety of joinder, courts "apply a commonsense rule to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to . . . the defendant[ ] resulting from the joinder." United States v.

*Shellef*, 507 F.3d 82, 98 (2d Cir.2007) (internal quotation marks omitted). "[C]ounts might be 'connected' if one of the offenses 'depends upon or necessarily leads to the commission of the other,' or if proof of one act 'constitutes or depends upon proof of the other.'" *Id.* (quoting *United States v. Halper*, 590 F.2d 422, 429 (2d Cir. 1978)) (internal stylistic changes omitted).

United States v. Neumann, 2022 U.S. Dist. LEXIS 147582, *37, 130 A.F.T.R.2d (RIA) 2022-5534, 2022 WL 3445820 (S.D.N.Y. 2022) (tax fraud matter).

> It is not enough for a defendant to show that he "may [*30] have a better chance of acquittal in [a] separate trial[ ]." Zafiro v. United States, 506 U.S. 534, 540, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Instead, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of [a defendant], or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. Even in those rare instances where a defendant establishes a "high" risk of prejudice, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Id. (citing Richardson v. Marsh, 481 U.S. 200, 211, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987)).
>
> The Second Circuit has instructed that "[t]he principles that guide the district court's consideration of a motion for severance usually counsel denial." United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993). "[T]he fact that evidence may be admissible against one defendant but not another does not require a severance," United States v. Carson, 702 F.2d 351, 367 (2d Cir. 1983), and a limiting instruction is typically sufficient to cure any potential for spillover prejudice. See United States v. DeVillio, 983 F.2d 1185, 1192-93 (2d Cir. 1993) (court's "explicit limiting instruction to the jurors that testimony [concerning an attempted murder by co-defendants] could not be used as evidence against either [defendant pursuing

6

> appeal]" was sufficient to protect against potential unfair prejudice arising from joint trial); United States v. Chang An-Lo, 851 F.2d 547, 556 (2d Cir. 1988) (holding that despite defendants' [*31] claim that the "overwhelming majority of evidence introduced at trial was not admissible against them," the trial judge's limiting instruction was sufficient to ensure that the appealing defendants did not suffer unfair prejudice).

United States v. Israilov, 2023 U.S. Dist. LEXIS 116514, *29-31, 2023 WL 4407464 (S.D.N.Y. 2023) (multi-defendant insurance fraud case).

Mr. Terranova meets his high burden for severance. Counts 1-6 are improperly joined under 8(a). While they charge the same kind of conduct, the alleged victims joined in the SI are factually unrelated to each other and to the offenses alleged in Counts 1-6. Counts 1 and 5 allege conduct between Mr. Terranova and John Doe 1, who resided in Texas. Counts 3 and 4 allege two separate attempts of sexually exploiting minors—both indicated to be unsuccessful—within the Eastern District of New York. Counts 2 and 6 allege attempted sexual exploitation *and* coercion and enticement of John Doe 2 in the Eastern District of New York. Nothing in either of the indictments, nor in the discovery provided to date, suggests any factual overlap between the alleged victim in Counts 1 and 5 to the alleged victims in the remaining counts. To the contrary, the offenses appear to be not only geographically separated, but to be entirely factually unconnected. *Cf.* United States v. Chambers, 964 F.2d 1250, 1250–51 (1st Cir. 1992) (joinder of multiple bank robbery counts was proper under Rule 8(a) where each one involved

a robbery of a federally insured bank, occurred in a "short period, between May 1 and July 14, 1989," and in a "limited area, the greater Boston area" (emphasis added)).

The rationale for joinder based solely on the "same or similar character" of the offenses is tenuous at best. *See* United States v. Perry, 37 F. Supp. 3d 546, 557 (D. Mass. 2014) (Casper, J.) ("[T]he 'same or similar character' standard for joinder has been described as the 'lower end of the range' for joinder where the line between proper joinder and misjoinder may be closest"); Randazzo, 80 F.3d at 627-28 & n.1 ("It is obvious why Congress provided for joinder of counts that grow out of related transactions—ones that are 'connected' or 'part of a common scheme or plan'; the reason for allowing joinder of offenses having 'the same or similar character' is less clear"); Halper, 590 F.2d at 430 ("When all that can be said of two separate offenses is that they are of the 'same or similar character,' the customary justifications for joinder (efficiency and economy) largely disappear").

For this reason, the "same or similar" provision "must be narrowly applied to situations where permitting joinder will not lead to the sort of prejudice addressed in Rule 404(b) of the Federal Rules of Evidence." United States v. Buchanan, 930 F. Supp. 657, 665 (D. Mass. 1996); *cf.* United States v. Varoudakis, 233 F.3d 113, 123 (1st Cir. 2000) (noting, in the admissibility context, that the more similar a prior bad act, the more likely it is to be deemed relevant under 404(b), yet the more likely it is

8

that the jury will impermissibly use it to infer that a defendant who committed the prior bad act would be likely to commit the crime charged).

As discussed further in section II, below, the joinder of Counts 2 and 6 is highly prejudicial, as they share nothing with the crimes charged in Counts 3, 4, and 6 except the kind of offense. The category should be interpreted "narrowly" to exclude just this scenario.

### B. The Counts Do Not Involve The Same Act Or Transaction

Rule 8(a) also permits joinder if the allegations share common facts. Randazzo, 80 F.3d at 628. Courts have looked to whether "the same evidence would be admissible in both trials if the counts were severed." United States v. Fenton, 367 F.3d 14, 22 (1st Cir. 2004) (no plain error in failing to sever pipe bomb and drug conspiracy charges where indictment charged use of pipe bomb in furtherance of the drug conspiracy). "In determining whether counts are properly joined, this court considers such factors as 'whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred.'" United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996) (quoting United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995)).[1]

---

[1] Cases considering Rule 8(b), which governs the joinder of defendants, are instructive. Rule 8(b) allows joinder if defendants are found to have engaged in the "same act or transaction, or in the same series of acts and transactions." As one court observed in ordering relief from misjoinder

Here, again, the allegations of Mr. Terranova's conduct with John Doe 1 in Counts 1 and 5 in the SI are geographically and factually unrelated to the allegations in the other counts: Counts 1 and 5 are alleged to have taken place when the alleged victim was in Texas.

Moreover, Count 5 occurred over a year before Counts 1-4 and Count 6. There is no suggestion that the offenses added in the SI are in any way connected to the offenses in the original indictment (or to each other), as in a larger conspiracy. Cf. United States v. Lynn, 856 F.2d 430, 436 (1st Cir. 1988) (asking whether, under related test for admitting evidence showing a "common plan or scheme," a prior drug transaction "lead[] in a progression" to the one at issue, and noting further that "[a]ny non-propensity thread is attenuated by the fact that the previous crime took place six years before and involved different participants").

Allegations of Mr. Terranova's conduct with John Doe 2 may be temporally and geographically related to allegations of Mr. Terranova's conduct with John Doe 3 and John Doe 4 in Counts 3 and 4, but the allegations remain factually unrelated

---

under 8(b) in a multi-defendant indictment alleging two distinct conspiracies:
> Of course, in the broadest sense, both conspiracies are part of the same series of acts or transactions constituting offenses -- just as the 1995 World Series was part of the same series of acts or transactions that began with Abner Doubleday. But, as this example demonstrates, Rule 8(b) cannot possibly be read so broadly if it is to have any practical meaning.

United States v. Kouzmine, 921 F. Supp. 1131, 1133 (S.D.N.Y. 1996). "If the factual matrices of the alleged facts are different, there is no series and hence no joinder." United States v. Turkette, F. 2d 896, 908 (1st Cir. 1980), reversed on other grounds, 452 U.S. 576 (1981).

due to the distinct indications of completed acts of coercion and enticement with John Doe 2 as opposed to mere attempts of sexual exploitation with John Doe 3 and John Doe 4.

Furthermore, Counts 3 and 4 are factually unrelated because Count 3 alleges that Mr. Terranova abused his position as an NYPD officer in furtherance of his attempt to sexually exploit John Doe 3, whereas Count 4 does <u>not</u> for John Doe 4.

### C. There Is No Common Scheme Or Plan

Joinder is proper under the rubric of a "common scheme or plan" if one illegal activity provided the motive and necessity for another illegal activity. *See* <u>United States v. Dominguez</u>, 226 F.3d 1235, 1239 (11th Cir. 2000) (mortgage fraud and drug charges properly joined, where defendant submitted fraudulent income tax returns when applying for mortgage loans in order to conceal that his income was derived from drug sales). Joinder of counts that are not sufficiently "connected" may require reversal. *See* <u>United States v. Litwok</u>, 678 F.3d 208, 216 (2d Cir. 2012) (reversing defendant's convictions for mail fraud and tax fraud).

The counts added in the SI, separated from the conduct originally indicted by the Eastern District of New York, do not form a common scheme or plan with Counts 2-4 and 6 or with each other. They are unconnected in fact. Mr. Terranova is not charged with a pattern of activity or with a conspiracy; he is simply charged with disparate acts in violation of the same two statutes.

In sum: the counts in the SI could only conceivably be joined under the "same or similar character" provision. Yet because they are entirely factually unconnected, and temporally and geographically attenuated, joinder under that provision does not apply.

## II. WITH THE INCLUSION OF AN ADDITIONAL ALLEGED VICTIM IN THE SUPERSEDING INDICTMENT, THERE SHOULD BE SEPARATE TRIALS FOR EACH ALLEGED VICTIM

Even if offenses are properly joined, Rule 14(a) authorizes severance if the joinder of offenses causes prejudice. Fed. R. Crim. P. 14(a) ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."); *see also* Fenton, 367 F.3d at 21-22.

The First Circuit has stated that "Rule 8(a)'s joinder provision is generously construed in favor of joinder, [citations omitted], in part because Fed. R. Crim. P. 14 provides a separate layer of protection where it is most needed." Randazzo, 80 F.3d at 627. To obtain a severance of joined counts, a defendant must make a strong and convincing showing of prejudice. United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008), cert. denied, 553 U.S. 107 (2008). Three types of prejudice may result from trying a defendant for several offenses during the same trial:

"(1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be

used to convict him of a second offense, even though such proof would be inadmissible in a second trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither."

*Id.* (quoting United States v. Jordan, 112 F.3d 14, 16 (1st Cir. 1997)).

Here, the danger of the second type of prejudice is high. The allegations of coercion and enticement of other minor victims are both inflammatory and very similar. The combination creates a high likelihood that, rather than determining guilt or innocence as to each victim under the relevant standard of law, a prejudicial spillover will occur whereby the jury hears evidence about one victim, decides that Mr. Terranova is the kind of person who commits these offenses, and then uses evidence from the first to convict as to the second, and from the second to the third, and so forth. *See* Varoudakis, 233 F.3d at 123 (noting the danger of improper spillover increasing in direct proportion to the similarity of the prior bad acts); United States v. Beechum, 582 F.2d 898, 915 n.20 (5th Cir. 1978) (same).

Here, it is unlikely that evidence of the 2022 victims would be admissible in a severed trial as to the 2019-2021 charge of sexual exploitation in Count 1 and vice versa. It is also unlikely that evidence of the May 21, 2021 allegations in Count 6 would be admissible in a trial on Counts 1 and 3-5 or vice versa because, although the conduct is from the same year, it is factually unrelated and geographically distinct.

Rule 404(b) would govern the admissibility determination.  Under Rule 404(b), prior bad act evidence is strictly inadmissible to "encourage the inference that because the defendant committed a crime [] before, he is the type of person to commit the crime currently charged." Lynn, 856 F.2d at 434.  The evidence may be offered for a non-propensity purpose, such as knowledge, motive, intent, or lack of accident, subject to balancing under Rule 403.  FRE 404(b); Lynn, 856 F.2d at 436-37; United States v. Flores Perez, 849 F.2d 1, 4 (1st Cir. 1988).  This is referred to as "'special' relevance." United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011).  The government would have to offer a theory of relevancy for the extrinsic allegations that did not have "an inference of propensity as 'a necessary link in the inferential chain.'" Varoudakis, 233 F.3d at 120.  It would need to "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence."  United States v. Zimmerman, 943 F.2d 1204, 1212 (10th Cir. 1991) (internal quotation marks and citations omitted) (emphasis omitted).  A "broad statement merely" offering the evidence to show "'knowledge and intent,'" for instance, would be "clearly insufficient."  *Id*.

Furthermore, the fact of consequence toward which the extrinsic evidence is offered must actually be at issue in the case.  In United States v. Sanders, for instance, a defendant was accused of stabbing a fellow inmate. 964 F.2d 295, 298-99 (4th Cir. 1992).  Where his defense was self-defense, "the only factual issue in

14

the case was whether [self-defense] was the reason for the admitted [stabbing]." *Id*. at 298. Thus, the district court erred when it admitted evidence that the defendant had, a year earlier, committed an assault against another inmate because "[t]he fact that Sanders had committed an assault on another prisoner and possessed contraband one year earlier had nothing to do with his reason for—his intent in—stabbing [the victim]." *Id*. at 298-99. In Flores Perez, a defendant in a firearms trafficking case argued that he did not know what was inside the briefcase he was carrying. The First Circuit reversed the district court's admission of evidence of a prior gun possession charge, reasoning that "[w]hether or not Flores had prior experience with guns could do little to help the jury decide whether Flores knew the briefcase contained guns." 849 F.2d at 7; *cf*. Landry, 631 F.3d at 602-04 (in a prosecution for fraudulent use of someone else's social security number, evidence of defendant's prior recitation of a different social security number, during a traffic stop, was admissible because her defense was "innocent involvement" – that she had given the fraudulent social security number accidentally).

Here, the anticipated defense as to Counts 3 and 4 is that even if there was attempted sexual exploitation, there was no coercion and enticement. Motive is not expected to be in issue; nor is identity. The only conceivable relevancy for evidence of factually unconnected but highly similar allegations about other victims is that if Mr. Terranova attempted to sexually exploit others, it is more

15

likely that he coerced this victim to engage in sex acts. That line of logic is forbidden—it has "an inference of propensity as 'a necessary link in the inferential chain.'" <u>Varoudakis</u>, 233 F.3d at 120.

Furthermore, even if the government *could* articulate a non-propensity purpose for offering evidence of other victims, if the trials were severed, the probative value of the evidence would be substantially outweighed by the danger of unfair prejudice. *See* FRE 403; <u>Landry</u>, 631 F.3d at 602.

The allegations that Mr. Terranova coerced and enticed other minors, are of the most highly prejudicial, inflammatory sort—"undeniably explosive" evidence of a "shocking or heinous crime likely to inflame the jury." <u>Varoudakis</u>, 233 F.3d at 122 (reversing introduction, in arson prosecution, of evidence of an earlier arson); *See also id.* at 120 (describing the risk of the "motive label being used to smuggle forbidden evidence of propensity to the jury" and contrasting a situation where a prior act could legitimately be introduced to show motive). Furthermore, probative value is relative to the availability of other evidence to prove the same point. Where the government has other evidence to prove a fact in issue, the introduction of controversial evidence to prove the same point is disfavored. *See* <u>Lynn</u>, 856 F.2d at 436-37.

In sum, the fact that the allegations against other victims are very similar brings out the danger that the jury will use them as propensity evidence. The

shocking nature of the allegations compounds that problem. Because the allegations appear to be entirely factually unrelated, there is very little non-propensity basis for introducing the evidence. *See* Landry, 631 F.3d at 602 ("[t]o determine whether proffered evidence has special relevance, the court considers the temporal relationship of the other act and the degree of similarity to the charged crime"). This case thus presents the perfect storm of a tenuous basis for joinder, highly inflammatory allegations, and an almost inevitable propensity inference, which together threaten to overwhelm Mr. Terranova's right to a fair trial. Justice, in this case, requires severance.

## **CONCLUSION**

For the foregoing reasons, Mr. Terranova respectfully requests that the Court sever Counts 1 and 5, 3 and 4, and 2 and 6 to be tried separately. The motion for severance of counts should be granted in its entirety.

Dated: August 23, 2024
New York, NY

Respectfully submitted,

Varghese & Associates, P.C.
　　　/s/
───────────────────

By: Vinoo P. Varghese

*Counsel for Mr. Christopher Terranova*