**Jury Instructions**
**Court Ex. 4**

United States District Court
Eastern District of New York

------------------------------------x
                                    :
United States of America,           :
                                    :
     - against –                    :    No. 23-cr-516(KAM)
                                    :
Christopher Terranova,              :
                                    :
               Defendant.           :
                                    :
------------------------------------x


**<u>Jury Charge</u>**

## Contents

INTRODUCTION.................................................. 1

I. GENERAL RULES OF LAW....................................... 2

   1.  Role of the Court ...................................... 2

   2.  Role of the Jury ....................................... 3

   3.  Conduct of Counsel ..................................... 5

   4.  Presumption of Innocence; Burden of Proof .............. 7

   5.  Reasonable Doubt ....................................... 8

   6.  Number of Witnesses and Uncontradicted Testimony ....... 9

   7.  Types of Evidence ..................................... 10

   8.  Evidence Obtained Pursuant to Searches or Undercover
       Agents ................................................ 14

   9.  Charts and Summaries .................................. 15

  10. Credibility of Witnesses .............................. 16

  11. Testimony of Law Enforcement Witnesses ................ 18

  12. Testimony of Interested Witnesses ..................... 19

  13. Testimony of Anonymous Witnesses ...................... 21

  14. Prior Inconsistent Statements ......................... 22

  15. Defendant's Right Not to Testify ...................... 24

  16. Venue ................................................. 25

  17. Approximate Dates ..................................... 27

  18. Interview of Witnesses ................................ 28

  19. No Duty to Call All Witnesses, Produce All Evidence, or
      Use Particular Investigative Techniques ............... 29

  20. Redaction of Evidentiary Items ........................ 30

II. THE CHARGES............................................... 31

21. The Indictment; Multiple Counts ........................ 31

22. Knowledge and Intent ................................... 33

23. Count One:  Sexual Exploitation of a Minor – John Doe 1
    ("G") .................................................. 35

24. Counts Two Through Four, John Does 2 ("N"), 3 ("M"), 4
    ("S"), and Count One in the Alternative, John Doe 1 ("G"):
    Attempted Sexual Exploitation of a Minor ............... 44

25. Counts Five, John Doe 1 ("G"), and Six, John Doe 2 ("N"):
    Coercion and Enticement ................................ 47

III. CLOSING INSTRUCTIONS..................................... 53

26. Selection of a Foreperson ............................. 54

27. Duty to Deliberate .................................... 55

28. Unanimous Verdict Required ............................ 57

29. Communications with the Court ......................... 58

30. Right to See Evidence ................................. 59

31. Return of Verdict ..................................... 60

32. Conclusion ........................................... 61

### INTRODUCTION

Members of the jury, I told you at the start of trial that your primary duty during trial would be to pay attention to the evidence, listen carefully, and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty, and I thank you for your attentiveness and service.

You are about to begin your final duty, which is to decide the facts in this case. Now that you have heard all the evidence and each party's closing argument, it is my duty to instruct you on the applicable law. I ask that you pay close attention. I will be as clear as I can.

My instructions will be in three parts:

First, I will state some general rules about your role and the way in which you are to review the evidence in this case.

Second, I will instruct you on the particular crimes charged and the elements that the government must prove beyond a reasonable doubt with respect to each.

Third, I will give you some general rules regarding your deliberations.

Do not single out any one instruction I give you as alone stating the law. Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate on your verdict.

## I. <u>GENERAL RULES OF LAW</u>

**1.    <u>Role of the Court</u>**

First, some general rules of law on your role and my role.

As I just mentioned, my duty at this point is to instruct you on the law.  It is your duty to accept those instructions of law and apply them to the facts as you determine them just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On each of these legal matters you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base a verdict upon any view of the law other than the one that I will give you.

I remind you that you may only consider the evidence admitted at this trial and may not use any other information obtained outside the courtroom, including, but not limited to, what you may have heard or learned through training, experience, the media, or otherwise.

2

2.   <u>**Role of the Jury**</u>

As jurors, you are the sole and exclusive judges of the facts.  Your role is to pass upon the weight of the evidence, determine the credibility of witnesses, resolve any conflicts in the witnesses' testimony, and draw whatever reasonable inferences you decide to draw from the facts as you find them.

You must rely on your own recollection of the evidence.  Nothing the attorneys said in their opening statements, closing arguments, objections, and questions was evidence.  Nothing that I said during trial is evidence, nor is anything I say in these instructions.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the government has proven its case.  I also ask that you draw no inference from the fact that upon occasion I may have asked questions of certain witnesses.  These questions are intended only for clarification or to expedite matters, and certainly were not intended to suggest any opinion on my part as to the verdict that you should render or whether any of the witnesses may have been more credible than other witnesses.  You are expressly to understand that the court

has no opinion as to any of the issues in this case or as to

what verdict you should render in this case.

    I know that you will try the issues that have been

presented to you according to the oath each of you has taken, in

which you promised that you would well and truly try the issues

joined in this case and a true verdict render.  If you follow

that oath and try the issues without fear, favor, bias,

prejudice, or sympathy, you will arrive at a true and just

verdict.

3.    <u>**Conduct of Counsel**</u>

A word about the conduct of counsel.

It is the duty of the attorneys on each side in a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the sidebar out of the hearing of the jury. All of those questions of law must be decided by me, the court. You should not show any prejudice against any attorney or his client or her client because the attorney objected to the admissibility of evidence or asked for a conference outside of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. Again, you are the exclusive judges of the credibility of all witnesses and the weight and effect of all evidence.

Your verdict should be based on the facts that you find from the evidence admitted at trial, and the law as instructed by the court.

During the course of the trial, I may have had to admonish or direct an attorney at times. You should draw no inference against the attorney or the client. It is the duty of attorneys

to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks, or to admonish counsel when I think it is necessary. You should draw no inferences from that. It is irrelevant, and you must not decide this case based on whether you like a lawyer.

In fact, in this case, I would like to express my gratitude to all attorneys for their conscientious efforts on behalf of their clients and for work well done.

As I informed you at the outset of this trial, I previously instructed the parties that they may not have any contact with any member of the jury. If you saw any of the parties or their attorneys or staff in the courthouse hallways, on the street, or any other place and they looked away without speaking to you, do not hold that against them. That is simply the best method of following my instructions, avoiding any possible appearance of impropriety, and ensuring the absolute impartiality required of you as jurors in this trial.

### 4.  <u>Presumption of Innocence; Burden of Proof</u>

A word about the presumption of innocence and the burden of proof.

The defendant is before you today because he has been charged by indictment with violations of federal law.  The indictment is an accusation and nothing more.  It is not evidence.  The defendant has pleaded not guilty to the indictment.  The defendant is therefore presumed to be innocent of the charges against him, and that presumption alone, unless overcome, is sufficient to acquit him.

To convict a defendant, the burden is on the prosecution or the government to prove the defendant's guilt of each element of every charge beyond a reasonable doubt.  This burden of proof will never shift to the defendant for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  In other words, a defendant is never required to prove that he is innocent because his innocence is presumed.

Again, I remind you, the defendant starts with a clean slate and is presumed innocent of each charge unless and until such time, if ever, that you as a jury unanimously find that the government has proven that the defendant is guilty of a given charge beyond a reasonable doubt.

5.  **Reasonable Doubt**

What is reasonable doubt?  It is a doubt based upon reason
and common sense.  It is a doubt that a reasonable person has
after carefully weighing all of the evidence or lack of
evidence.  Proof beyond a reasonable doubt, therefore, is proof
of such a convincing character that a reasonable person would
not hesitate to rely and act upon it in the most important of
his or her own affairs.  A reasonable doubt is not a caprice or
a whim.  It is not a speculation or suspicion.  It is not an
excuse to avoid performing an unpleasant duty.  And it is not
sympathy.  The law does not require that the government prove
guilt beyond all possible doubt.  Proof beyond a reasonable
doubt is sufficient to convict.

If after fair and impartial consideration of all the
evidence or lack of evidence concerning a particular charge
against the defendant, you have a reasonable doubt, it is your
duty to acquit the defendant of that charge.  On the other hand,
if after fair and impartial consideration of all the evidence
you are satisfied of that defendant's guilt beyond a reasonable
doubt, you should vote to convict him on that charge.

## 6.  __Number of Witnesses and Uncontradicted Testimony__

Because the burden of proof of guilt beyond a reasonable doubt is on the government, the defendant does not need to present any evidence or call any witnesses.  The fact that the government called more witnesses and introduced more evidence than the defendant does not mean that you should find the facts in favor of the government.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  It is the quality of the evidence presented that is important to your determination.  To do this you must consider all the evidence, drawing upon your own common sense and personal experience.

## 7. <u>Types of Evidence</u>

Now, a word on what types of evidence you may consider.

### A. What Is Evidence

First, what is evidence?  The evidence in this case comes in several forms:

1. Sworn testimony of witnesses, on both direct examination and cross-examination.

2. Exhibits, whether documentation, photos, or recordings that have been received by the court in evidence.

3. Stipulations of fact to which the parties agreed.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Here, the parties entered into stipulations concerning certain facts that are relevant to this case.  You must accept those stipulations as evidence, and regard those facts as proven; however, you are to determine what weight to give that evidence.

If evidence was received for a limited purpose, you must consider that evidence only for that limited purpose.

### B. Direct and Circumstantial Evidence

I told you at the beginning of this case that evidence comes in various forms, such as sworn testimony of witnesses and exhibits.  There are, in addition, different types of evidence that you may consider: both direct and circumstantial.

1. **Direct Evidence:**  Direct evidence is physical evidence or testimony about a fact by an eyewitness or participant who testifies to knowing that fact through one of the five senses.

2. **Circumstantial Evidence:**  Circumstantial evidence is proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.  That is all there is to circumstantial evidence.  Based on the facts you find have been proven, you may draw reasonable inferences or conclusions as seem justified in light of your experience and common sense.  Whether a given inference should be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

The law makes no distinction between direct evidence and circumstantial evidence.  You may consider both.

### C. What Is Not Evidence

A reminder about what is not evidence.

Certain things are not evidence, and you must disregard them in deciding what the facts are:

1. *First*, the indictment is not evidence and is not entitled to any weight in your evaluation of the facts.

2.  *Second*, arguments or statements by the attorneys are

not evidence.

3. *Third*, counsel's questions in and of themselves are not evidence. Only the answer in the context of the question is evidence. And that also goes for any questions by the court or comments by the court.

4. *Fourth*, objections to the questions or to offered exhibits are not evidence. Counsel have a duty to object when they believe evidence should not be received. You should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, ignore the question. If the objection was overruled, treat the answer as you would any other answer.

5. *Fifth*, any testimony or statements stricken by the court are not evidence.

6. *Sixth*, any exhibits identified but not admitted into evidence by the court are not evidence.

7. *Seventh*, obviously anything you may have seen or heard outside the courtroom is not evidence.

8. *Eighth*, in reaching your verdict, it is improper for you to consider any personal feelings you might have about a defendant's or a witness's race, religion, national origin, ethnic background, sex, or age.

9. *Ninth*, in addition, it would be improper for you to

allow any feelings you might have about the nature of

the crimes charged to interfere with your

decisionmaking process.

Your verdict must be based exclusively on the evidence or

lack of evidence in this case.  Here, again, let me remind you

that whether based upon direct or circumstantial evidence, or

upon the logical reasonable inferences drawn from such evidence,

you must be unanimously satisfied of the guilt of the defendant

beyond a reasonable doubt as to a Count before you may convict

him of that Count.

8. **<u>Evidence Obtained Pursuant to Searches or Undercover Agents</u>**

A word about how evidence was obtained.  During the trial, you heard testimony about evidence obtained pursuant to search warrants or subpoenas of a variety of social media accounts and other locations.  You have also heard evidence obtained from undercover law enforcement agents surveilling and communicating with Mr. Terranova.  Evidence obtained from the searches and the use of undercover agents was properly admitted in this case and may be considered by you.  It is lawful for undercover law enforcement agents to conduct surveillance and assume an identity during a law enforcement investigation.  Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved the defendant's guilt beyond a reasonable doubt.

9.    <u>**Charts and Summaries**</u>

Now a word on charts and summaries.  Certain exhibits have been admitted in evidence in the form of charts, summaries, or demonstratives.  You should consider this evidence as you would any other evidence.

In addition, other charts, summaries, or demonstratives were shown to you but not admitted into evidence.  They were shown to you only in order to make the evidence more meaningful and to aid in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and they are not themselves independent evidence.  Therefore, you are to give no greater consideration to those charts, summaries, or demonstratives, than you would give to the evidence upon which they are based.  It is for you to decide whether the charts, summaries, or demonstratives correctly present the information contained in the testimony and in the exhibits on which they are based.  You are entitled to consider the charts, summaries, and demonstratives if you find that they help you analyze and understand the evidence.

## 10.  <u>Credibility of Witnesses</u>

You as the jury are the sole judges of the credibility or believability of the witnesses and the weight that their testimony deserves.  You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief.

You decision whether to believe a witness may depend on how that witness impressed you.  For example, how did the witness appear?  Was the witness candid, frank, and forthright, or did the witness seem evasive or suspect?  How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone trying to report his or her knowledge accurately?  These are examples of the kinds of commonsense questions you should ask yourselves in deciding whether a witness was truthful.

How much you choose to believe a witness may also be influenced by the witness's bias.  Does the witness have a relationship with the government or the defendant that may affect how the witness testified?  Does the witness have some incentive, loyalty, or motive that might cause the witness to shade the truth?  Does the witness have some bias, prejudice, or

hostility that may cause the witness to give you something other than a complete and accurate account of the facts about which the witness testified?

You also should consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts holds up in light of other evidence in the case.

In other words, what you must try to do in deciding a witness's credibility is to size up the person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

11.  <u>**Testimony of Law Enforcement Witnesses**</u>

A word about the testimony of law enforcement witnesses. During the trial, you have heard the testimony of law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find that it deserves.

12. **Testimony of Interested Witnesses**

A word about the testimony of interested witnesses.

If a witness is interested in the outcome of the trial on one side or the other, you may consider such interest in determining how much credit or weight you will give to his or her testimony.  A witness is an interested witness when by reason of relationship, friendship, antagonism, or prejudice in favor of, or against one side or the other, his or her testimony, in your judgment, is biased or likely to be biased toward the side which he or she favors.  In determining the credibility of a witness, you may consider whether such witness has any bias or prejudice for or against any party in the case.  In determining the credibility and weight to be given to the testimony of a witness, you should take into account such bias or prejudice.

Evidence that a witness is biased or prejudiced for or against a party requires you to view the witness's testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny.  Keep in mind, however, that you should not reject the testimony of an interested witness merely because of such interest.  Nor should you accept the testimony of a disinterested witness merely because of such disinterest.  It is your duty in the case of all witnesses to accept such of the testimony as you believe to be truthful and reject such

19

testimony as you believe to be false.  As I said, interest and

disinterest are merely factors you may consider in evaluating

credibility.

13.  **<u>Testimony of Anonymous Witnesses</u>**

A word about the testimony of anonymous witnesses.

The court has decided that certain witnesses can testify
and be identified in open court by pseudonym, initial, or first
name only.  Except for the witnesses identified by only their
first names, the full names of these witnesses are known to the
court, the parties, and were disclosed to you, the jury at
trial.  Allowing a witness to testify by a pseudonym in court is
simply intended to protect that witness's privacy.  You should
not make any inferences as to the defendant's guilt or non-guilt
from the fact that certain names are being withheld from the
public.

## 14.  <u>Prior Inconsistent Statements</u>

You may have heard evidence that a witness or witnesses made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony.  If the prior inconsistent statement was given under penalty of perjury, it may be considered as affirmative evidence to establish the fact that is the subject of the statement.  If the prior inconsistent statement was unsworn, however, you may consider it only for the limited purpose of helping you to decide whether to believe the trial testimony of the witness who is claimed to have contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much weight, if any,

to give to the inconsistency in determining whether to believe

all or part of the witness's testimony.

15.  **Defendant's Right Not to Testify**

Mr. Terranova did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you, the jury, because the defendant did not take the witness stand, and you may not consider or discuss this in any way in your deliberations in the jury room.

16. <u>**Venue**</u>

Venue refers to the location of a charged crime. The indictment alleges that the crimes charged occurred in part in this judicial district, the Eastern District of New York. This district encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island. To establish that venue for a charged crime is appropriate in this district, the government must prove that some act in furtherance of the crime occurred here. This means that with respect to each of the crimes charged, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district, even if other acts were committed outside this district or if the crime was completed elsewhere.

Let me further instruct you that although the government's burden as to everything else in this case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need only be proved by the lesser standard of preponderance of the evidence. To prove something by a preponderance of the evidence simply means to prove that the fact is more likely true than not true. That means that venue as to each of the charged crimes in this district is proper if you find it more likely than not that some act in furtherance of the particular crime occurred in this district based on all of

25

the evidence presented, direct and circumstantial.  Again, this lesser burden of proof applies only to venue.  The government's burden of proof on all other parts of this case is guilt beyond a reasonable doubt.

In determining whether some act in furtherance of the charged crime you are considering occurred in the Eastern District of New York, you may consider several things, such as (1) physical presence, (2) electronic communications, (3) phone calls, and (4) text messages.

## 17.  <u>Approximate Dates</u>

Now a word about approximate dates.  The indictment charges that the offenses alleged in Counts One through Six occurred "in or about," "on or about," and "between" certain dates.  The evidence need not establish with certainty the exact date of the alleged offenses.  The law only requires the evidence to establish beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

18.  <u>**Interview of Witnesses**</u>

I will next advise you about interviewing witnesses.

There was testimony at trial that law enforcement officers and attorneys interviewed witnesses when preparing for trial. You should not draw any unfavorable inference from that testimony.  To the contrary, the attorneys were obligated to prepare this case as thoroughly as possible.

19. <u>**No Duty to Call All Witnesses, Produce All Evidence, or Use Particular Investigative Techniques**</u>

There is no duty to call all witnesses, to produce all evidence, or to use particular investigative techniques. Although the government bears the burden of proof, and although a reasonable doubt can arise from a lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative technique or pursue every investigative lead to prove its case. Therefore, although you are carefully to consider the evidence presented by the government, you are not to speculate as to why the government used the investigative techniques that it did or why the government did not use other techniques.

In this regard, the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial. I reiterate, however, that the government bears the burden of proof.

20.  **Redaction of Evidentiary Items**

Some of the exhibits in evidence are redacted.  "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the exhibit that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

## II. **THE CHARGES**

Next, I will turn to the second part of my instructions. In this part, I will instruct you on the specific elements of the crimes charged, which the government must prove beyond a reasonable doubt to support a finding of guilt in this case.

### 21. **The Indictment; Multiple Counts**

The defendant, Christopher Terranova, is formally charged in a superseding indictment, which I have referred to and will continue to refer to as the indictment. The indictment in this case contains six counts currently before you for consideration. Each count is a separate offense or crime. You must consider each count separately, and you will be called upon to render a separate verdict on each count. Your verdict as to each count must be unanimous. Whether you find the defendant guilty or not guilty as to one count must not affect your verdict as to the other charged counts.

One count, Count One, in the indictment charges the defendant with sexually exploiting or, in the alternative, attempting to sexually exploit a minor; three counts, Counts Two, Three, and Four, charge the defendant with attempting to sexually exploit a minor; and two counts, Counts Five and Six, charge the defendant with coercing or enticing a minor to engage in sexual activity.

Some counts of the indictment accuse the defendant of violating the same statute in more than one way.  The indictment may allege that the defendant violated the statute by various acts which are joined in the indictment by the word "and," while the statute and the elements of the offense are stated using the word "or."  In these instances, it is enough for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.

I reiterate that the indictment is only an accusation.  The indictment is not evidence.

I will now explain to you the law that applies to each count of the indictment.

22.  **Knowledge and Intent**

Because each count in the indictment implicates the concepts of knowledge and intent, I will instruct you at the outset about these principles.

As a general rule, the law holds persons accountable only for conduct they intentionally engage in.  Thus, before you can find a defendant guilty, you must be satisfied that the defendant was acting knowingly and intentionally.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether a defendant acted knowingly may be proven by his words and conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully.  That is, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or an accident.

To act "knowingly" or "intentionally," the person need not be aware of the specific law or rule that his conduct may violate, but he must act with the specific intent to do whatever it is the law forbids.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proven directly.  A wise and careful

consideration of all the circumstances of the case may, however,

permit you to make such a determination as to the state of mind

of the defendant.  Indeed, in your everyday affairs you

frequently are called upon to determine a person's state of mind

from his or her words and actions in a given circumstance.  You

are asked to do the same here.

23. <u>**Count One:   Sexual Exploitation of a Minor – John Doe 1
("G")**</u>

Count One alleges that the defendant employed, used,

persuaded, induced, enticed, or coerced a minor for the purpose

of creating visual depictions of a minor's engagement in

sexually explicit conduct or, in the alternative, that he

attempted to do so.

Specifically, Count One in the indictment states as

follows:

> In or about between December 2019 and September 2022,
> both dates being approximate and inclusive, within the
> Eastern District of New York and elsewhere, the
> defendant CHRISTOPHER TERRANOVA did employ, use,
> persuade, induce, entice and coerce a minor, to wit:
> John Doe 1 [("G")], an individual whose identity is
> known to the Grand Jury, to engage in sexually
> explicit conduct, and knowingly and intentionally
> attempt to do so, for the purpose of producing one or
> more visual depictions of such conduct and for the
> purpose of transmitting a live visual depiction of
> such conduct, knowing and having reason to know that
> such visual depictions would be transported and
> transmitted using one or more means and facilities of
> interstate and foreign commerce and which would be in
> and affecting interstate and foreign commerce, which
> visual depictions were produced and transmitted using
> materials that had been mailed, shipped and
> transported in and affecting interstate and foreign
> commerce by any means, including by computer, and
> which visual depictions were actually transported and
> transmitted using one or more means and facilities of
> interstate and foreign commerce and in and affecting
> interstate and foreign commerce.

Count One charges the defendant with violating Title 18,

United States Code, Section 2251(a).  That section provides, in

relevant part, that:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be [guilty of a crime], if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

This crime requires proof of three elements, each of which the government must prove beyond a reasonable doubt:

First, that the victim was under the age of 18.  The government need not prove that Mr. Terranova knew that the relevant minor was under the age of 18.

Second, that the defendant used, employed, persuaded, induced, enticed, or coerced the victim to engage in sexually explicit conduct for the purposes of producing or transmitting a visual depiction or live visual depiction of that conduct.

Third, that the visual depiction was mailed or actually transported or transmitted in or affecting interstate or foreign commerce, or that the defendant knew or had reason to know that the visual depiction would be mailed or transported or transmitted in or affecting interstate or foreign commerce, or

36

that the visual depiction was produced using materials that had been mailed or transported in or affecting interstate or foreign commerce.

I will now explain each element in greater detail.

### A. First Element:  Victim Was Under the Age of 18

As to the first element, the government must prove beyond a reasonable doubt that the victim was younger than 18 years old at the time of the acts alleged in the indictment.  As I previously instructed you, the government need not prove that Mr. Terranova knew that the relevant minor was under the age of 18.

### B. Second element:  Use, Employment, Persuasion, Inducement, Enticement, or Coercion to Produce Visual Depiction of Sexually Explicit Conduct

The second element that the government must prove beyond a reasonable doubt is that the defendant used (or employed or persuaded or induced or enticed or coerced) the victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct.  The words "persuade," "induce," and "entice" are, in effect, synonyms that convey the idea of leading or moving another person, by persuasion or influence, to some action, state of mind, or the like, or to bring about, produce, or cause.  The word "coerce" means to compel by force, intimidation, or authority, without regard for individual desire or volition.  Otherwise, I instruct

you that the words "used," "employed," "persuaded," "induced," "enticed," and "coerced" are words of common usage, and I instruct you to interpret these words by using your own common sense. The government must prove only that a defendant took one of those actions and not that the defendant did each and all of these things. Put another way, if a defendant "used," or "employed," or "persuaded," or "induced," or "enticed," or "coerced" a minor, any one of those terms is sufficient to satisfy this element of the crime.

Whether or not a minor consented to engage in sexually explicit conduct is irrelevant, as the consent or voluntary participation of a minor is not a defense to the charge.

A "visual depiction" includes any photograph, video, data stored on computer disc or by electronic means which is capable of conversion into a visual image, or data that is capable of conversion into a visual image that has been transmitted by any means. A visual depiction includes a digitally recorded photograph or video.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

38

The term "lascivious exhibition" means a depiction that displays the genitals or pubic area of a person under the age of 18 in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes lascivious exhibition.  In deciding whether a particular visual depiction constitutes a lascivious exhibition, you may consider the following questions, but need not find all of the following:  (1) whether the focal point of the visual depiction is of the child's genitals or pubic area, or whether there is some other focal area; (2) whether the setting of the visual depictions makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity; (3) whether the child is displayed in an unnatural pose or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed or nude, although nudity is not in and of itself lascivious; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction was intended or designed to elicit a sexual response from the viewer.

It is not required that a particular visual depiction involve all of the factors that I have listed for you.  The importance you give to any one factor is up to you to decide.

### C.    Third element:    Interstate Commerce

As to the third and final element that the government must prove beyond a reasonable doubt with respect to Count One, there are three alternative ways in which the interstate commerce element may be satisfied.  To satisfy the third element, the government must prove only one of the following beyond a reasonable doubt.

The first way that the government may satisfy its burden to prove the interstate commerce element is by proving beyond a reasonable doubt that the visual depiction was actually transported or transmitted in or affecting interstate or foreign commerce.  This means that the visual depiction crossed between one state and another or between the United States and a foreign country.  Transmission of photographs, videos, or live visual depictions by means of the internet constitutes transportation in interstate commerce.

The second way that the third element may be satisfied is by proving beyond a reasonable doubt that a defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce.

In order to prove the third element in this manner, the government must prove that a defendant knew or had reason to know that the visual depiction would be transported or

40

transmitted in or affecting interstate or foreign commerce or that the defendant had reason to know that the transportation or transmission would occur because it was reasonably foreseeable that the defendant's activities would result in the depiction's transportation or transmission in or affecting interstate commerce.

"Interstate or foreign commerce" means simply, movement between one state and another or between the United States and a foreign country. Transmission of photographs, videos, or live visual depictions by means of the internet constitutes transportation in interstate commerce. Transmission of communications by means of the telephone or internet constitutes the use of a facility of interstate commerce regardless of whether the communication actually crossed a state line, including in instances where the communications are sent and received in the same state.

To prove the third element in this manner, the government does not need to prove that the visual depiction was actually transported or transmitted in or affecting interstate commerce. It is sufficient for the government to prove that the defendant intended that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce or that the defendant had reason to know that this transmission would occur because it was reasonably foreseeable that the

41

defendant's activities would result in the depiction's transmission in or affecting interstate commerce.

The third and final way the third element of sexual exploitation of a minor may be satisfied is by proving beyond a reasonable doubt that the visual depiction was produced using materials that had been mailed or transported or transmitted in or affecting interstate or foreign commerce.

Simply stated, the phrase "transported in interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country. If the materials were manufactured outside the state of New York and subsequently used in the state of New York, that is sufficient to satisfy this element. A defendant need not personally transport the materials across a state line, or know that the device or devices had previously crossed a state line.

Although the government need only prove one of the three methods that I have just described beyond a reasonable doubt to establish the third element of Count One, you must be in unanimous agreement as to which of the three methods are proved. In other words, you may only find that the government has proved this element if you unanimously find that:

1.  the visual depiction was actually transported in or affecting interstate or foreign commerce, such as by use of the internet; or

42

2.   the defendant knew or had reason to know that the
     visual depiction would be transported or transmitted
     in or affecting interstate or foreign commerce; or

3.   the visual depiction was produced using materials that
     had been mailed or transported or transmitted in or
     affecting interstate or foreign commerce.

You may also find that the government has proved the interstate

commerce element of Count One if you unanimously agree that any

one, two, or all three of these methods are proved beyond a

reasonable doubt.

### D. In the Alternative: Attempted Sexual Exploitation of a Minor – John Doe 1 ("G")

Count One also provides an alternative charge of attempted

sexual exploitation of a minor.  Before you may convict the

defendant as to Count One, you must unanimously find that he is

guilty of completed sexual exploitation, of attempted sexual

exploitation, or both.  You will be provided with a verdict

sheet that will allow you to indicate whether -- if you find the

defendant guilty of Count One -- you unanimously find either

that the defendant is guilty of completed sexual exploitation or

of attempted sexual exploitation of a minor identified as John

Doe 1 ("G") in the indictment, or if you unanimously find that

he is guilty of both completed sexual exploitation and attempted

sexual exploitation.

I will now explain to you the elements the government needs

to prove for you to find the defendant guilty of attempted

sexual exploitation of a minor.

43

**24. Counts Two Through Four, John Does 2 ("N"), 3 ("M"), 4 ("S"), and Count One in the Alternative, John Doe 1 ("G"): Attempted Sexual Exploitation of a Minor**

Each of Counts Two through Four, and Count One in the alternative, alleges that the defendant <u>attempted</u> to employ, use, persuade, induce, entice, or coerce a minor for the purpose of creating visual depictions of sexually explicit conduct.

Specifically, Counts Two through Four in the indictment state as follows:

> In or about and between the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER TERRANOVA did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce one or more minors whose identities are known to the Grand Jury, to wit:
>
> | <u>COUNT</u> | <u>MINOR</u> | <u>APPROXIMATE DATE(S)</u> |
> |---|---|---|
> | TWO | John Doe 2 [("N")] | February 2022 to October 2022 |
> | THREE | John Doe 3 [("M")] | September 2022 to April 2023 |
> | FOUR | John Doe 4 [("S")] | March 2023 to May 2023 |
>
> to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using one or more means and facilities of interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce.

Each of these Counts charges the defendant with violating Title 18, United States Code, Section 2251(e).  Section 2251(e) provides, in relevant part, that:

> Any individual who . . . attempts . . . to violate [Title 18, United States Code, Section 2251] shall be [guilty of a crime].

In order to prove the defendant's guilt as to each of Counts Two through Four, and Count One in the alternative, the government must prove two elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime of sexual exploitation of a minor, the elements of which I have just explained to you in connection with Count One; and

Second, that the defendant acted in a manner that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, which in the case of Counts Two through Four and Count One in the alternative is attempted sexual exploitation of a minor, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is

45

necessary to distinguish between mere preparation on the one

hand, and the actual doing of the criminal deed on the other.

Mere preparation, which may consist of planning the offense, or

of devising, obtaining, or arranging a means for its commission,

is not an attempt, although some preparations may amount to an

attempt.  The acts of a person who intends to commit a crime

will constitute an attempt when the acts themselves clearly

indicate an intent to commit the crime, and the acts are a

substantial step in a course of conduct planned to culminate in

the commission of the crime.

### 25.  Counts Five, John Doe 1 ("G"), and Six, John Doe 2 ("N"): Coercion and Enticement

Each of Counts Five and Six alleges that that the defendant used one or more facilities of interstate commerce to persuade, induce, entice, or coerce a minor to engage in illegal sexual activity for which the defendant could be charged under Texas and New York law, specifically: (i) Texas Penal Law Section 21.11(a)(1), and (ii) New York Penal Law Section 130.40(2).

Specifically, Count Five in the indictment states as follows:

> In or about and between December 2019 and September 2021, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER TERRANOVA, using one or more facilities and means of interstate and foreign commerce, to wit: a mobile telephone, the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18, to wit: John Doe 1 [("G")], to engage in sexual activity for which a person can be charged with one or more criminal offenses, to wit: indecency with a child, in violation of Texas Penal Law Section 21.11(a)(1).

Count Six in the indictment states as follows:

> On or about May 21, 2022, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER TERRANOVA, using one or more facilities and means of interstate and foreign commerce, to wit: a mobile telephone, the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18, to wit: John Doe 2 [("N")], to engage in sexual activity for which a person can be charged with one or more criminal offenses, to wit: a criminal sexual act in the [third]

degree, in violation of New York Penal Law Section 130.40(2).

Both Counts charge the defendant with violating Title 18, United States Code, Section 2422(b).  That section provides, in relevant part, that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be [guilty of a crime].

In order to prove the defendant's guilt, the government must prove four elements as to each of Counts Five and Six:

First, that the defendant used a facility of interstate commerce as alleged in the indictment;

Second, that the defendant knowingly persuaded or induced or enticed or coerced the relevant victim to engage in sexual activity;

Third, that the defendant acted with the intent to engage in the relevant sexual activity with the relevant victim, which activity is punishable under, (i) as to Count Five (John Doe 1, "G"), Texas Penal Law Section 21.11(a)(1), or (ii) as to Count Six (John Doe 2, "N"), New York Penal Law Section 130.40(2); and

Fourth, that the relevant victim was less than 17 years old at the time of the acts alleged in the indictment, as provided

48

by Texas Penal Law and New York Penal Law at the time of the indictment.

### A. First Element:  Interstate Commerce

As to the first element, the government must prove beyond a reasonable doubt that the defendant used a facility of interstate commerce as alleged in the indictment.  Transmission of communications by means of the telephone or internet constitutes the use of a facility of interstate commerce regardless of whether the communication actually crossed a state line, including in instances where the communications are sent and received in the same state, but only if it is proved beyond a reasonable doubt that the specific communication in question was actually transmitted by means of the telephone or internet.

### B. Second Element:  Persuasion, Inducement, Enticement, or Coercion to Engage in Sexual Activity

As to the second element, the government must prove beyond a reasonable doubt that the defendant knowingly persuaded, induced, enticed, or coerced the relevant victim -- that is, John Doe 1 ("G") in the case of Count Five and John Doe 2 ("N") in the case of Count Six -- to engage in sexual activity.  As I previously instructed you in connection with the charges for sexual exploitation of a minor, the words "persuade," "induce," "entice," and "coerce" should be given their ordinary meanings.

49

### C. Third Element:  Sexual Activity Punishable Under State Law

As to the third element, the government must prove beyond a reasonable doubt that the defendant acted with the intent to engage in the relevant sexual activity with the relevant victim, which activity is punishable under, (i) as to Count Five (John Doe 1, "G"), Texas Penal Law Section 21.11(a)(1), or (ii) as to Count Six (John Doe 2, "N"), New York Penal Law Section 130.40(2).

Specifically, with respect to Count Five, the indictment alleges that the defendant's activity with John Doe 1 ("G") violated Texas Penal Law Section 21.11(a)(1), indecency with a child.  Under Texas Penal Law Section 21.11(a)(1), "[a] person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person: engages in sexual contact with the child or causes the child to engage in sexual contact." Texas law defines "sexual contact" in this context to mean "the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) the touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching

through clothing, with the anus, breast, or any part of the genitals of a person." Under Texas law, a person is incapable of consenting to sexual contact when that person is less than 17 years old. Texas law, therefore, deems sexual contact with such a person to be without that person's consent, even if in fact that person did engage in the sexual contact voluntary.

With respect to Count Six, the indictment alleges that the defendant's activity with John Doe 2 ("N") violated New York Penal Law Section 130.40(2), criminal sexual act in the third degree. Under New York Penal Law Section 130.40(2), "[a] person is guilty of criminal sexual act in the third degree when . . . [b]eing twenty-one years old or more, he or she engages in oral sexual conduct or anal sexual conduct with a person less than seventeen years old." Under New York law, "oral sexual conduct" means "conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina," and "anal sexual conduct" means "conduct between persons consisting of contact between the penis and the anus." Under New York law, a person who is less than 17 years old is incapable of consenting to oral or anal sexual conduct with anyone who is 21 years old or more. New York law, therefore, deems oral sexual conduct or anal sexual conduct with such a person to be without that person's consent, even if in fact that person did engage in the sexual conduct voluntary.

### D. Fourth Element:  Victim Was Under the Age of 17

As to the fourth element, the government must prove beyond a reasonable doubt that the relevant victim was less than 17 years old at the time of the relevant activity.

### III. <u>CLOSING INSTRUCTIONS</u>

Now we are on the final part of my instructions, which are instructions governing your deliberations.  You have heard the rules of law that apply to the charges in this case and the processes by which you should weigh the evidence and determine the facts.  In a few minutes, you will retire to the jury room for your deliberations.

26.  <u>**Selection of a Foreperson**</u>

When you retire to the jury room, you will choose one member of your jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.  In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote and views are not entitled to any greater weight than that of any other juror.  That person is really just a kind of organizer, a communications conduit between the jury and the court.

27. **Duty to Deliberate**

Now, all of you have a duty to deliberate.  Your function,
to reach a fair conclusion from the law and the evidence, is an
important one.  When you retire to the jury room, you may
finally discuss this case.  It is, in fact, the duty of each of
you to consult with your fellow jurors and to deliberate with a
view of reaching agreement on a unanimous verdict, if you can do
so without violating your individual judgment and conscience.
In the course of your deliberations, no one should surrender
conscientious beliefs of what the truth is and what the weight
and effect of the evidence is.  Moreover, each of you must
decide the case for yourself and not merely acquiesce in the
conclusion of your fellow jurors.  Nevertheless, I do ask you to
examine the issues and evidence before you with candor and
frankness, and with a proper deference to and regard for the
opinions of one another.  Do not hesitate to change your
opinions if you become convinced that they were wrong.

I instruct you that the question of possible punishment of
the defendant is of no concern to the jury and should not, in
any way, enter into or influence your deliberations.  The duty
of imposing sentence rests exclusively with the court.  Your
function is to weigh in the evidence in the case and to
determine whether or not the defendant is guilty beyond a
reasonable doubt, solely upon the basis of such evidence. Under

your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

In addition, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use an electronic device or media, such as a telephone, cellphone, smartphone, iPhone, Blackberry, smartwatch, computer, the internet, any internet service, any text or instant messaging service, any internet chatroom, blog, or website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You may only discuss this case in the jury room with your fellow jurors during deliberations. All other jurors must be present when you deliberate. So if one of you steps out to use the restroom, you must stop your deliberations until that juror returns.

## 28.  <u>Unanimous Verdict Required</u>

I reiterate that your verdict must be unanimous.  That is, with respect to each Count, you must all agree as to whether your verdict is guilty or not guilty.

29.    <u>**Communications with the Court**</u>

Now, if it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed and dated by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me or any court personnel by any means other than a signed writing.  I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.  In your note, do not ever disclose how the jury stands numerically or otherwise on the question of whether the defendant is guilty or not guilty.  Just stick to the question that you need to have answered.

30.  **<u>Right to See Evidence</u>**

You will have most of the exhibits and a list of exhibits received in evidence during the trial in the jury room with you. If you wish to have any portion of the testimony repeated, you may simply indicate that in a note.  But please be as specific as possible if you make a request to hear testimony read back. Let us know which exhibit or which part of which specific witness's testimony you want to hear; if you can, provide the name of the witness and subject matter of his or her testimony. Please be patient while we locate it.  If you need further instructions on any point of law, you should request that in a note.

31.  **Return of Verdict**

When you all have reached a unanimous verdict, simply send me a note signed by your foreperson that states that you have reached a unanimous verdict.  But do not indicate in the note what your verdict is.

To report a verdict, you must be unanimous in all respects, and you must be prepared to render a verdict for each count with which the defendant is charged in the indictment.

To help you, I have prepared a verdict sheet that may be of assistance to you in your deliberations.  On the verdict sheet are spaces marked "guilty" or "not guilty" for each count.  The sheet is in no way intended to indicate how you must deliberate or decide the facts in this case.  The foreperson should use a checkmark in the appropriate space indicating either "guilty" or "not guilty" for each count of the indictment with which the defendant is charged.  The foreperson should also place his or her initials and the date beside each mark on the verdict sheet and should then sign and date the verdict sheet.

## 32. <u>Conclusion</u>

Finally, I want to remind all of you of the oath that you took when you were sworn as a juror at the beginning of this case. Remember in your deliberations that this case is no passing matter for the government or for the defendant. The parties and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest extent your oaths as jurors: to well and truly try the issues of this case and a true verdict render.

Before asking you to retire and begin your deliberations, I will consult with counsel to be certain that I have not overlooked any points.